## Application of McCLAIRE.

(Court of Appeals of District of Columbia. Submitted November 10, 1926. Decided December 6, 1926.)

No. 1873.

1. Patents ⊚⇒26(1)—Hair curler, having metallic core, covering therefor, and metallic caps over ends, held to disclose invention.

Application for patent for hair curler, comprising a pliable metal core, covering therefor, and metallic caps secured over the ends, held to disclose invention.

2. Patents ⊚⇒36—Commercial success is evidence of invention, affecting right to patent.

Commercial success of an article is persuasive evidence of invention, affecting right to patent.

3. Patents 104—Doubt as to invention should be resolved in favor of applicant for patent.

Doubt as to whether an application discloses invention should be resolved in favor of applicant.

Appeal from the Commissioner of Patents.

In the matter of the application of Katherine McClaire for patent. From concurring decisions of the Patent Office, rejecting claims, applicant appeals. Reversed, except as to particular claim.

Joshua R. H. Potts, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C., for the Commissioner of Patents.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from concurring decisions of the Patent Office, refusing to allow any of the five claims presented by the applicant in the case. The invention consists of a hair curler, formed of short lenghts of insulated wire with a fabric covering, having metallic caps secured over the ends thereof. The caps are so constructed as to fit snugly over the ends of the curlers, and their edges are flared outwardly to facilitate this purpose, and also to insure stretching of the fabric sheath on the rubber insulation of the wire.

Claim 1 is copied for illustration;

"1. A hair curler comprising a central core of pliable metal, a covering for said core of relatively softer material, a fabric covering for said core covering, and metallic caps secured over the ends; the edges of said caps being turned inwardly and impressed into said core covering to form a resilient locking groove therein, substantially as described.

The references were appellant's prior patent, November 22, 1921, for a similar hair curler having tied or sewed ends, instead of caps; Weaver's patent, March 1, 1921, for a hair curler having two insulated wires twisted together, surrounded by a fabric covering, with tips at the ends composed of nonmetallic waterproof material, as by dipping in a waterproof solution; Kelly's patent, October 4, 1921, disclosing cords with various kinds of metallic tips on the ends; Cummings' patent, April 23, 1907, disclosing a lacing in which the tip has an interior metal piece rolled and to be cut in two, forming an outer metal cap over the end of the tip; Gregory's patent, December 6, 1887, disclosing a hair curler composed of a long thin strip of lead or other pliable material, covered with silk and provided with small caps at the ends, to prevent fraying; and Illoway's patent, December 7, 1915, showing a hair curler bent into loops.

The applicant's claims were held to be unpatentable, on the ground that no invention would be involved in forming metal tips on hair curlers of the type shown in the McClaire and Weaver patents, in view of the common practice of forming such tips on the ends of cords of various kinds as shown by the references. It was also held that claim 3 is barred under the rule of res adjudicata.

[1-3] We do not agree with the Commissioner's decision. The applicant's claims are combination claims, and as such we do not think them anticipated by the references. The improvement in question is a simple one, but it is useful and novel, and discloses invention. The commercial success of the article is persuasive evidence of this. If there be doubt in such a case it should be resolved in favor of the applicant. We think, however, that the rejection of claim 3 upon the ground of res adjudicata must be sustained.

Accordingly the decision of the Commis-

sioner of Patents, rejecting claims 1, 2, 4, and 5, is reversed. The rejection of claim 3 is affirmed.